HOUSTON, Justice.
James W. Hall sued Eckerd Drug Stores, Inc. (“Eckerd”), and Roderick McKinney, one of Eckerd’s store managers, seeking damages based on allegations of false imprisonment and malicious prosecution. The case was tried to a jury, which returned a verdict for Eckerd and McKinney. Hall filed a motion for a new trial on the ground that the trial court, at the jury’s request, had given the jury additional instructions with respect to the law governing the case, after the jury had been initially instructed on the law and had begun to deliberate and while Hall’s attorney was absent from the courtroom. The trial court overruled the motion on the ground that Hall’s attorney had left the courtroom without disclosing where he could be found and that a reasonable search of the courthouse had been conducted before the jury was reinstructed. Hall appealed. We affirm. The sole issue presented here is whether Hall was entitled to a new trial on the ground that the trial court had instructed the jury while his attorney was absent from the courtroom.
The general rule in this state is that the trial court “may not, in the absence of counsel, further instruct the jury after [it has retired to deliberate] without making a reasonable effort to notify counsel or without some special circumstances or excuse being shown which reasonably prevented notice.” See Matthews v. Liberty Mutual Ins. Co., 286 Ala. 598, 604, 243 So.2d 703, 708 (1971). (Emphasis added.) The trial court in the present case made a reasonable attempt to find Hall’s attorney before reinstructing the jury. This is illustrated in the following colloquy from the trial transcript:
“[Hall’s attorney]: I want to make an objection, that I was outside the courtroom and the judge began to charge the jury without my being present.
“The Court: Wait just a minute.... You voluntarily left the court. The rule of this court is [that] a [lawyer is] free to leave if he wants to, but that entails a permission by the lawyer to answer questions and to go forward. This jury started asking questions at 4:10. You’ve been absent. Genny [the law clerk] has looked all over the courthouse for you for the last 45 minutes and I charged the jury. Your client was here and present and, furthermore, I will stand on the charge I gave, so you may stay right here in the court. You left without my permission....
“[Hall’s attorney]: I went to the third floor where I have a nephew that has an office and—
*903 “The Court: You don’t leave this courtroom ... without getting permission again, then.”
The trial court committed no error; therefore, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.